UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVENS WEISS, ) | CASE NO. **04 - 60910** |
| ) | |
| Plaintiff, ) | |
| ) | **NOTICE OF REMOVAL** |
| vs. ) | |
| ) | CIV-MARTINEZ NIGHT BOX FILED |
| ATLANTIC RECORDING CORPORATION ) | |
| ) | KLEIN JUL 12 2004 |
| Defendant. ) | |
| ) | CLARENCE MADDOX CLERK, USDC/SDFL/FTL |

To the Judges of the United States District
Court for the Southern District of Florida:

Defendant Atlantic Recording Corporation ("Atlantic") provides notice that <u>Stevens Weiss v. Atlantic Recording Corporation</u>, Case No: 04-08115 (25), in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, has been removed to the United States District Court for the Southern District of Florida.

### The Grounds for Removal

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441(a), 1446, for the following reasons:

1. **The Complaint and Amended Complaint.** Counsel for Defendant Atlantic agreed to accept service of the Complaint on behalf of Atlantic. Pursuant to the agreement between counsel, service was deemed effective on June 14, 2004.

Copies of the Complaint, Amended Complaint and Summons are attached to this Notice as Composite Exhibit "A." The Complaint, Amended Complaint and Summons constitute the entire contents of the state court file. The allegations in the Complaint and Amended Complaint and the exhibits attached to each are identical in sum and substance.

2. **The Basis for Removal.** This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity between the Plaintiff and the Defendant exists now and existed at the time the Complaint and Amended Complaint were filed and because the amount in controversy exceeds the sum or value of $75,000.

a. **Plaintiff's Citizenship: Florida.** According to the Complaint and Amended Complaint, Plaintiff "is an individual residing in Broward County, Florida." Complaint ("Comp.") ¶ 2; Amended Complaint ("Amended Comp.") ¶ 2. Accordingly, the Plaintiff is now, and was at the time the Complaint and Amended Complaint were filed, a citizen of Florida for purposes of 28 U.S.C. § 1332(a)(1).

b. **Defendant's Citizenship: Delaware.** According to the Complaint and Amended Complaint, Defendant Atlantic "is a foreign corporation . . ." Comp. ¶ 3; Amended Comp. ¶ 3. In fact, Atlantic is incorporated in the State of Delaware and maintains its principal place of business in the State of New York. Accordingly, the Defendant in this action is completely diverse from the Plaintiff.

c. **The Amount in Controversy Exceeds $75,000.** The amount in controversy in this action exceeds the sum or value of $75,000. See 28 U.S.C.A. § 1332(a).

As is customary in Florida pleading practice, Plaintiff alleges that he seeks damages in excess of $15,000, the minimum jurisdictional amount for state circuit court subject matter jurisdiction. See Comp. ¶ 1; Amended Comp. ¶ 1. However, "if a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [the jurisdictional amount,] the jurisdictional amount will be found to exist." Estevez-Gonzalez v. Kraft, Inc., 606 F. Supp. 127, 129 (S.D. Fla. 1985). Reasonably read, the Complaint and Amended Complaint clearly seek damages in excess of $75,000.

In the Complaint and Amended Complaint, Plaintiff alleges that he is owed royalties based

2

on the sale of over one million copies of the *BBC Sessions* box set, each box set containing two compact discs embodying recordings of live performances by Led Zeppelin in 1969 and 1971. Comp. ¶¶ 13-15; Amended Comp. ¶¶ 13-15.  The governing agreement, which is attached to the Complaint and the Amended Complaint as Exhibit D, provides that Plaintiff is entitled to a $50,000 bonus if sales exceed 1,500,000 "royalty bearing copies" and another $50,000 if sales exceed 2,000,000 "royalty bearing copies." Comp. ¶¶ 13-15 and Ex. D; Amended Comp. ¶¶ 13-15 and Ex. D.  According to Plaintiff, each compact disc in the over one million copies of the *BBC Sessions* box sets sold qualifies as a separate "royalty bearing copy." Comp. ¶¶ 13-15; Amended Comp. ¶¶ 13-15.  Therefore, according to Plaintiff, he is entitled to a bonus based on the sale of over two million "royalty bearing copies," which pursuant to the agreement, would entitle Plaintiff to the payment of $100,000. See Comp. ¶¶ 13-15 and Ex. D; Amended Comp. ¶¶ 13-15 and Ex. D.

In addition to his claim for $100,000 in connection with the *BBC Sessions* box sets, Plaintiff alleges that he is entitled to 4.2% of any payments made to Led Zeppelin in connection with an album entitled *How the West Was Won* and a DVD entitled *Led Zeppelin*, as well as royalties in connection with Atlantic's licensing of various other Led Zeppelin recordings for use in film and soundtrack and television commercials.  Comp. ¶¶ 9-10 and Ex. B, ¶¶ 17-19 and Ex. A; Amended Comp. ¶¶ 9-10 and Ex. C, ¶¶ 17-19 and Ex. B.

The allegations of this Notice are sufficient to satisfy the requisite amount in controversy necessary to establish federal diversity jurisdiction.  Woolard v. Heyer-Schulte, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (defendant may allege that the action exceeds the amount in controversy requirement in the removal notice and thereby properly establish federal jurisdiction); see also Rider Reynolds Lewis d/b/a Carptech Like Dry Cleaning Your Carpets v. AT&T, 898 F. Supp. 907, 909 (S.D. Fla. 1995) (removal petition may supply jurisdictional facts of which defendant does not need

3

to furnish proof unless contested by the plaintiff).

      d.      **The Notice of Removal is Timely.**  Pursuant to the agreement between counsel for Defendant Atlantic and counsel for Plaintiff, Atlantic accepted service of the Complaint effective June 14, 2004.  Atlantic filed this Notice on July 12, 2004.  Therefore, Atlantic has filed this Notice within the thirty-day time period required to file a removal, as calculated from the receipt or service of the Complaint.  28 U.S.C. § 1446(b).

      3.      **Notice Has Been Given.**  Defendant Atlantic served this Notice of Removal on Plaintiff's counsel on July 12, 2004.  Defendant Atlantic also will file a Notice of Filing of the Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, on or before July 13, 2004.  A copy of the Notice of Filing of the Notice of Removal, without attachments, is attached hereto as Exhibit "B."

                    Respectfully submitted,

                    STOLLMAN & GRUBMAN, P.A.
                    Attorneys for Defendant Atlantic
                    2000 Glades Road, Suite 410
                    Boca Raton, Florida 33431
                    Telephone:  (561) 393-9733
                    Facsimile  (561) 393-8770

                    Jeffrey S. Grubman
                    Florida Bar No. 879568

*Of Counsel*

Kenneth L. Bressler, Esq.
NIXON PEABODY LLP
437 Madison Avenue
New York, New York 10022
Telephone:  (212) 940-3000
Facsimile:  (212) 940-3111

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this notice was mailed on July 12, 2004, to William R. Scherer, III, Esq., Conrad & Scherer, 633 South Federal Highway, Fort Lauderdale, FL 33301-3164.

_____
Jeffrey S. Grubman

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

PLEASE REFER TO COURT FILE